IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

HIGH DESERT WILDLIFE RESCUE &          )
REHABILITATION, INC. dba HIGH          )
DESERT WILDLIFE,                       )
                                       )
          Plaintiff,                   )          TC-MD 150429C
                                       )
     v.                                )
                                       )
DESCHUTES COUNTY ASSESSOR,             )
                                       )
          Defendant.                   )          **FINAL DECISION**[1]

Plaintiff appeals Defendant's August 26, 2015, denial of its application for property tax

exemption under ORS 307.130. The subject property is identified as Account 109387 (subject

property) for the 2015-16 tax year. The matter was submitted to the court on the written briefs of

the parties, the last of which was received April 18, 2016. Karon V. Johnson represented

Plaintiff. Tana West represented Defendant. No exhibits were received from either party.

Defendant attached three exhibits – A, B, and C – to its brief filed April 18, 2016.

## I. STATEMENT OF FACTS

The parties agree to the following facts, which the court will largely quote from

Plaintiff's memorandum signed April 5, 2016 and received by the court April 8, 2016.

"On April 16, 2013, Thomas Aspel executed a deed transferring title to his property at

62410 Erickson Road, Bend, Oregon 97702, to three individuals: Jeff Cooney, DVM; Jeannette

Bonomo; and Skyleah Kellogg." (Ptf's Memo at 1; *see also* Def's Memo at 1, Def's Ex A.)

"The purpose of the transfer was to establish a wildlife rehabilitation station on Mr. Aspel's

---

[1] This Final Decision incorporates without change the court's Decision, entered July 25, 2016. The court
did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* Tax Court
Rule–Magistrate Division (TCR–MD) 16 C(1).

property." (Ptf's Memo at 1.) "Although High Desert Wildlife Rescue & Rehabilitation, Inc., ([hereinafter] HDW), a 501(c)(3) charitable corporation, had been incorporated by then, Skyleah Kellogg, who owned the nursing home where Mr. Aspel resided, persuaded the parties to put the title to the property in the individual names of Dr. Cooney and Ms. Bonomo, and to add her name to the title as well. No consideration was paid for the property." (*Id*.)

"When it became apparent to Dr. Cooney and Ms. Bonomo that the property should have been titled in the name of the charitable corporation, they executed deeds transferring their undivided 1/3 interests in the property to HDW on September 24, 2014." (Ptf's Memo at 2; *see also* Def's Memo at 1, Def's Ex B.) "Ms. Kellogg refused, however, to transfer her interest, declaring that she intended to keep it in her family. Dr. Cooney lodged a complaint with the Oregon Attorney General. Kellogg was initially indicted for two counts of criminal mistreatment of a dependent person and two counts of tax evasion, Deschutes County Criminal Case No. 15 FE 0537." (Ptf's Memo at 2.)

"HDW made a timely application for a property tax exemption for the tax year 2015-16." (Ptf's Memo at 2; Def's Memo at 1.) According to Defendant's written denial of Plaintiff's application for property tax exemption, HDW applied for exemption under ORS 307.130. (Ptf's Compl at 2.) Defendant's denial letter indicates that one or more of its employees visited the subject property and "determined that the use and organization would qualify for the exemption [but HDW] only owns 66.67% [of the property and] a taxable party owns the other 33.33%." (*Id*.) Plaintiff's memorandum indicates that the application was denied because "HDW did not meet the requirements of ORS 307.162(4)(c), in that at the time of its application HDW did not hold both full legal and equitable title to the property." (Ptf's Memo at 2.) Defendant's

///

exemption application denial letter cites that statute, stating that under ORS 307.162(4)(c) " '[o]wnership' means legal and equitable title." (Ptf's Compl at 2.)

"On March 29, 2016, Ms. Kellogg pled guilty to [two criminal counts] * * * [and] [a]s part of th[e] plea agreement, she executed a deed transferring her undivided 1/3 interest in the subject property to HDW. The deed was recorded with the Deschutes County Clerk's office the same day." (Ptf's Memo at 2.) Defendant's memorandum confirms that a deed was executed on that date "transferring Skyleah Kellogg's 1/3 interest to HDW for [the subject] property." (Def's Memo at 1.)

## II. ANALYSIS

The issue is whether, for the 2015-16 tax year, Plaintiff qualified for property tax exemption under ORS 307.130(2).[2] That statute provides in relevant part: [u]pon compliance with ORS 307.162, * * * property *owned* or being purchased by * * * incorporated literary, benevolent, charitable and scientific institutions shall be exempt from taxation." ORS 307.130(2) (emphasis added). ORS 307.162 governs the exemption application process and includes certain relevant definitions. Subsection (4)(c) of ORS 307.162 is the focus of this appeal. It provides that " '*[o]wnership*' means legal and equitable title." ORS 307.162(4)(c) (emphasis added).

Plaintiff notes in its memorandum that Skyleah Kellogg (Kellogg) "fraudulently obtained and wrongfully held" her undivided one third interest in the subject property. (Ptf's Memo at 3.) Plaintiff discusses the equitable remedy of a constructive trust, a creation of common law designed to prevent unjust enrichment. (*Id*. at 3-4; Restatement (Third) of Restitution and Unjust Enrichment § 55 (2011).) Plaintiff cites several cases where a court ordered the conveyance of

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2013.

property by the wrongdoer to the wronged party where the wrongdoer obtained legal title by fraud or "any other unconscientious manner." *Springer v. Young*, 14 Or 280, 283 (1886), *quoting* 1 Pomeroy Eq Jur, Sec 155.

However, Plaintiff then notes that "there is no doubt that the doctrine of constructive trusts makes a distinction between legal and equitable title [and that] [t]he same distinction is made by ORS 307.162(4)(c), which clearly requires both legal and equitable title for the property owner to qualify for a tax exemption." (Ptf's Memo at 4.) Plaintiff admits in its memorandum that it did not have legal ownership of the property when it applied for exemption. (Ptf's Memo at 5.) At the time of the transfer, Kellogg held legal title to an undivided one-third interest in the subject property. She continued to hold legal title until well after the deadline for applying for exemption, which was April 1, 2015. ORS 307.162(1). The transfer of legal title to the subject property to HDW was ultimately ordered by the Deschutes County Circuit Court on March 29, 2016. (*Id*. at 2.)

Because Plaintiff did not have legal ownership (title) of the subject property as required by ORS 307.130(2) and ORS 307.162(4)(c), Plaintiff did not meet the statutory requirements for exemption for the 2015-16 tax year. Acknowledging the legal predicament it is in, Plaintiff closes its memorandum by "ask[ing] that this Court do justice, in the manner which it deems most appropriate." Unfortunately, this court has no authority to grant Plaintiff the exemption it seeks under the facts of this case.

### III.  CONCLUSION

The court concludes that Plaintiff did not meet the statutory requirements for exemption set forth in ORS 307.130(2) and ORS 307.162(4)(c). Defendant's denial of Plaintiff's application for exemption therefore stands. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this ____ day of August 2016.


_____
DAN ROBINSON
MAGISTRATE


*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed.  TCR-MD 19 B.*

*This document was filed and entered on August 12, 2016.*